**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 15 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAVID WILLIAM PEER,

    Defendant - Appellant.

No. 04-4138
(D.C. Nos. 2:03-CV-888-DAK and
2:01-CR-491-DAK)
(D. Utah)

**ORDER**

Before **EBEL**, **MURPHY** and **McCONNELL**, Circuit Judges.

David William Peer ("Defendant"), a federal prisoner appearing pro se and in forma pauperis, seeks a certificate of appealability ("COA") to challenge the district court's denial of his Motion to Vacate, Set Aside, or Correct Sentence, which was brought pursuant to 28 U.S.C. § 2255 (2000). For the reasons stated below, we **DENY** COA and **DISMISS** the appeal.

**BACKGROUND**

On March 13, 2002, Defendant pled guilty to one count of receipt and distribution of child pornography. The district court sentenced Defendant to 51 months in custody, followed by 36 months of supervised release. Defendant

apparently did not file a direct appeal. On October 8, 2003, Defendant filed the instant Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. In his motion, Defendant alleged ineffective of counsel[1] and a due process challenge to his guilty plea.

After ordering briefing from the Government, the district court denied the § 2255 motion. On appeal, Defendant has chosen not to pursue his due process claim, focusing instead on the ineffective assistance of counsel claim. Defendant argues to this court that his attorney was ineffective for two reasons: (1) failure to challenge a sentencing enhancement on the grounds that Defendant did not have the requisite intent; and (2) failure to challenge the constitutionality of Defendant's sentence based on Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004).[2]

---

[1]Specifically, Defendant asserted three grounds for ineffective assistance of counsel in the proceedings below: (1) counsel's failure to present certain statutes that would have prevented sentencing enhancements; (2) counsel's failure to present case law and refer back to expert witness testimony during sentencing; and (3) counsel's failure to explain the nature of the criminal accusation and provide effective advice.

[2]In a supplemental filing to this court, Defendant also argues that the government brief in response to his § 2255 motion was not timely filed and thus should have been struck. (Br. on Appeal at 2-5.) While it is true that the Government's brief was not filed by the court-imposed deadline, the district court chose to consider the document when ruling on the § 2255 motion. Seeing no abuse of discretion, we decline to consider the matter further.

**DISCUSSION**

Under 28 U.S.C. § 2253(c)(1), this court lacks jurisdiction to consider the merits of Defendant's appeal unless he first obtains a COA. In the instant case, Defendant seeks a COA from this court because the district court denied his request to appeal its decision.[3] See Fed. R. App. P. 22(b)(1). To prevail, Defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This is accomplished by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-484 (2000) (quotations omitted).

We hold that Defendant has failed to meet the Slack standard with regard to any of the issues on appeal. In order to assert an ineffective assistance of counsel claim, Defendant must set forth specific "performance" errors on the part of trial counsel and demonstrate "prejudice," i.e., a "reasonable probability" that, absent those errors, a different outcome would occur. Strickland v. Washington, 466 U.S. 668, 688 (1984).

---

[3]Defendant applied for a COA below, but the district court took no action on the application. Under these circumstances, COA is deemed denied. See 10th Circuit General Order of October 1, 1996.

At the outset, we note that Defendant's Strickland claim regarding counsel's failure to raise an Apprendi or Blakely-type argument has been waived because it was not raised in the original § 2255 motion or in a subsequent motion for reconsideration. See In re Walker, 959 F.2d 894, 896 (10th Cir. 1992). In any event, on the record it does not appear that trial counsel was acting in a constitutionally ineffective manner by failing to make either an Apprendi argument or the equivalent of a Blakely-type argument at sentencing. Accordingly, we will not consider the issue.

Defendant also claims that counsel failed to challenge a sentencing guideline on the grounds that Defendant did not have the requisite intent. Specifically, Defendant argues that counsel should have objected to the court's imposition of a four-level enhancement for offenses involving sadistic, masochistic, or violent material because Defendant never intended to receive or distribute these images.

This claim fails for two reasons: First, Defendant has failed to demonstrate an error that satisfies the first prong of the Strickland analysis. Counsel raised arguments regarding intent through a motion for downward departure, which the court ultimately denied. Counsel's failure to raise a duplicative objection to the enhancement does not render his legal assistance to Defendant ineffective. Second, Defendant has failed to show prejudice. Since the district court rejected

- 4 -

the motion for downward departure based on lack of intent, there is no reasonable probability that it would have sustained an objection to the sentencing enhancement on exactly the same grounds.

Having carefully considered each of the arguments before the court, we remain unconvinced that reasonable jurists could debate that Defendant's § 2255 motion should have been resolved differently.  See Slack, 529 U.S. 483-44.  Accordingly, we **DENY** COA and **DISMISS** the appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge